**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEONARD WILLIAMS, SR., etc.,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　Case No. **6:04-cv-815-Orl-31DAB**

**MICHELIN NORTH AMERICA, INC.,**
**MICHELIN AMERICAS RESEARCH &**
**DEVELOPMENT CORPORATION, and**
**FORD MOTOR COMPANY,**
      **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL [THE PRODUCTION OF DOCUMENTS] (Doc. No. 96)**
>
> **FILED:** April 19, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff, the Personal Representative of the estate of decedent Yvette Williams, is suing Defendants for negligence and product liability arising from the death of decedent on February 8, 2002, when she suffered fatal injuries during a rollover crash while driving a 1992 Ford Explorer. Plaintiff moves to compel documents relating to what he characterizes as "safer alternative designs," used for a sport utility vehicle designed Volvo, a company which Ford acquired in 1999. The discovery period in the case closed on May 2, 2005. Doc. No. 81.

Pursuant to Federal Rules of Civil Procedure 34, Plaintiff is entitled to obtain discovery via requests for production regarding any matter not privileged relevant to its defense of Plaintiff's claims. FED. R. CIV. P. 26(b)(1), 34.  Plaintiff asserts that he served his a Request for Production on Defendant Ford Motor Company on January 17, 2005, and that the request seeks documents concerning safety designs by Volvo.

Pursuant to the Local Rules, "Motions to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall (a) *quote in full each . . . request for production to which the motion is addressed;* (2) quote in full the objection and grounds therefor as stated by the opposing party, or the answer or response which is asserted to be insufficient. Middle District of Florida Local Rule 3.04(a) (emphasis added).  Plaintiff has not quoted the request(s) for production that are addressed in the motion. Plaintiff has only attached to his Motion "Ford's Response to Plaintiff's First Request for Production" (Doc. No. 96, Att. 2) which responds to a single request for "Volvo documents" produced in a Georgia court case against Ford.  Ford objected to the request because:

> [I]t is not reasonably calculated to lead to the discovery of admissible evidence. Further, by seeking such irrelevant information relating to vehicles and model years other than the 1992 Ford Explorer at issue in this lawsuit, Plaintiff is undertaking a vast fishing expedition meant to harass Ford to supply Plaintiff with information that has little or no value to the presentation of his case in this lawsuit.  Moreover, Ford objects to this request on the grounds that is seeks information related to other litigation, the facts and circumstances of which are not similar to those of the present case. [The other case], in fact involved a 2000 Mercury Mountaineer that was manufactured after Ford's acquisition of Volvo in 1999. The platform upon which the subject 1992 Ford Explorer was built was designed, built and launched prior to Ford's acquisition of Volvo Cars in 1999.  Under the logic that would permit this type of request, Ford would be required to provide information about the design and development of any vehicle produced by its subsidiary corporations without regard to whether the vehicle was substantially similar to the subject 1992 Ford Explorer.

Doc. No. 96, Att. 2.

Plaintiff contends that he is seeking evidence of "safer alternative designs" from Volvo which are supposedly relevant to the 1992 Ford Explorer. Ford's objection on the grounds that Plaintiff seeks information related to other litigation, with different facts and circumstances, is well taken.[1] Plaintiff's Motion to Compel looks rather boilerplate with no discussion whatsoever of the facts of the Georgia court case or why documents produced in that case are relevant to Plaintiff's allegations in this case. Plaintiff's vague argument on the point is that he "has reason to believe that the documentation requested will reveal the results of extensive testing performed by Volvo technicians of a number of safety issues applicable to the vehicle that is the subject of this proceeding." Doc. No. 96 at 4. Plaintiff does not argue that the Volvo technicians participated in the design or manufacture of the 1992 Ford Explorer, but asserts instead that the "Volvo documentation addresses safety improvements . . . applicable to all sport utility vehicles." Plaintiff fails to argue how the documents produced in the Georgia case are relevant or applicable to this case, and in fact fails to even mention the other case.

Moreover, even if Plaintiff's briefing were not deficient, it is difficult to see how design documents from Volvo regarding a sport utility vehicle first produced in 2003 would be relevant to a Ford vehicle produced in 1992, eleven years earlier. In addition, Ford and Volvo were separate entities – and competitors – until Ford acquired Volvo in March 1999 and Ford would not have had access to any of Volvo's design documents prior to that time. *See Guasp v. Ford Motor Company*, Case No. 1:04cv006-MP-AK (N.D. Fla. March 8, 2005) ("[A]t the time the 1995 instant [SUV] was produced, Volvo manufactured only passenger cars and Volvo did not produce its first [SUV] until

---

[1] The Court notes that there is a public discussion of the differences in approach between Ford and Volvo regarding roof impacts. *See, e.g.,* http://www.nytimes.com/2005/05/14/automobiles/14roof.html  The relevance, if any, of Volvo's approach to any particular case depends on the facts and issues of that case.

model year 2003. Furthermore, Ford did not acquire Volvo until 1999 thus making testimony regarding Volvo's manufacturing in 1995 irrelevant.")[2]. Plaintiff has not shown that the discovery sought is relevant to the matters at issue in this case to overcome Ford's objection; thus, Plaintiff's Motion to Compel is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 19, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] Copy provided at 100, Att. 3.